FRANKLIN,<br>January,<br>1841.

Carpenter<br>v.<br>Branch.

---

## MAKENZA W. CARPENTER v. JOHN BRANCH, JR.

Where one person uses another's carriage, at the request of the owner, and neither derives any benefit from such use, other than the amusement and recreation arising therefrom to both, the person using the carriage is liable for any injury that may happen to it, through his want of ordinary care and prudence.

ASSUMPSIT, in two counts, wherein the plaintiff alleged that the defendant, in consideration that plaintiff would lend the defendant the plaintiff's sulkey, promised to use and drive the sulkey moderately and prudently. The plaintiff averred that he lent his sulkey to the defendant, and assigned, for breach, that the defendant so immoderately and negligently drove said sulkey that, by means thereof, he overturned and broke it.

Plea, *non assumpsit*, and trial by jury.

On the trial in the county court, testimony was introduced tending to show that the plaintiff and defendant had agreed to exchange horses, and, before the horse, which the plaintiff had agreed to let the defendant have, was taken from the plaintiff's sulkey, the plaintiff drove said horse in said sulkey through the streets rather fast ; and, at the request of the plaintiff, the defendant got into the sulkey and drove down the street as fast, and not faster, than the plaintiff had before driven ; that the defendant, in turning round,

without checking the speed of the horse, overturned and broke the sulkey.

The defendant requested the court to charge the jury that the he was not responsible, in this case, for less than ordinary care and prudence, and that he, under the circumstances, was not required to use any greater care or prudence, in the use of the sulkey, than in the use of his own property. But the court charged the jury, that, if they found that the defendant, in turning the horse and sulkey, did not use common prudence, and was careless and negligent, and thereby broke the sulkey, he was liable for the injury done.

The jury returned a verdict for the plaintiff, and the defendant excepted to the charge of the court.

———— ———— for the defendant.

The facts set forth in the bill of exceptions, present one of those cases where the bailee is liable only for less than what is technically called common prudence, and, to charge the defendant, the plaintiff must show that he was guilty of *gross negligence.*

The bailment comes under the head of *mandatum,* as divided and defined by Sir Wm. Jones, in his treatise on Bailments, p. 41, and by Chancellor Kent, in his commentataries, vol. 2, p. 569, which is, " where one undertakes, without recompense, to do some act for another in respect to the thing bailed." And Chancellor Kent lays it down as a rule, that, if the mandatary undertakes to carry the article from one place to another, he is responsible for only gross negligence, or a breach of good faith.

It is held as a rule well settled, in Dane's Ab. p. 308, that, if the mandatary undertake, *generally,* he is liable for only gross neglect; but if he engages, *specially,* to do a particular thing, he may be liable if he does not use common prudence.

It was upon this latter principle that the case of *Coggs* v. *Barnard,* 2 Ld. Raymond, 913, was decided; and *Shiels* v. *Blackburne,* 1 H. Bl. 158, is to the same effect.

In Dane's Ab. vol. 1, p. 304, 305, the author says; If I lend a thing solely for my pleasure or profit, the bailee is liable only for *gross negligence.* In the present case, the de-

fendant used the sulkey at the request, and for the pleasure or profit of the plaintiff. The court below erred, first, in not charging the jury as requested by the plaintiff, and, secondly, in charging that the defendant was bound to use common prudence, or ordinary care.

The court charged the jury further, that if they found the defendant was careless or negligent, he was liable. By using these terms, without any qualification whatever, the court represented to the jury that the defendant was liable for the least possible neglect, and, for the slightest shade of carelessness, thereby compelling the jury to make the defendant liable, if they found the sulkey was broken by any thing short of inevitable accident.

*H. R. & J. J. Beardsley*, for plaintiff.

The charge of the court, in this case, was substantially correct.

The question is, was the defendant, by the nature and character of the bailment, bound to use common prudence ? We insist that he was.

We understand by common prudence, that degree of care and diligence, which the generality of mankind bestow upon their own property ; the converse of this is carelessness, or the want of ordinary care.

That the defendant was bound to use as much care, in this case, as was required in the case of *Coggs* v. *Barnard*, reported in 2 Ld. Ray. Rep. 915, we apprehend will not be denied. The principles of that case have always been regarded as sound law ; and the case itself a leading one on the subject of bailment.

That case belongs to a lower species of bailment, requiring less care, than the case at bar. Nevertheless, the doctrine established in the case, and the principles there adopted, go sufficiently far to support the charge in the present case. See, also, 2 Kent's Com. 570. Jones on Bailments, 140.

But the plaintiff insists that, in this case, the defendant was bound to exercise more than ordinary care ; that he was bound to bestow the same degree of diligence which all prudent men use about their own goods.

The using of the sulkey by the defendant, cannot be re-

garded in the light of a mere naked bailment. It was as much, to say the least of it, for the defendant's as the plaintiff's benefit

The request of the plaintiff does not vary the case, and cannot, in any degree, affect the defendant's liability.

This case, then, clearly falls within that species of bailment, denominated by Sir Wm. Jones, a *lending for use.* It was a lending of the plaintiff's property, to the defendant, for a particular purpose, beneficial to the defendant; and the same rules, which govern this species of bailment, will equally apply to the case at bar.

What, then, are the rules which govern this species of bailment ? They are, that the bailee shall be answerable for slight neglect; that he is bound to bestow the same degree of care and diligence, which the most circumspect and prudent men use about their own property; in short, that he must be without default. Jones on Bailments, 137. 2 Kent's Com. 586, 587.

If these rules are adopted, in the present case, and we are unable to discover why they must not be, it is manifest that the charge of the court is fully sustained, or, at any rate, that the defendant cannot complain of it.

The opinion of the court was delivered by

ROYCE, J.—The only question of importance is, to which species of bailment the present case properly belongs. If it is ranked with those where the expected profit or advantage of the bailment is limited to the bailor, the defendant should be answerable only for gross neglect; if with those which are exclusively beneficial to the bailee, he would be holden to the exercise of extraordinary care ; and if with those which are mutually beneficial to both parties, then he would be bound to the use of common or ordinary care, and would, consequently, be liable for ordinary neglect.

The case states, that at the time of the injury complained of, the parties had already agreed upon the exchange of horses; and, for any thing appearing in the case, that agreement was sufficient to pass the property before delivery. It may, therefore, be assumed that the defendant was driving his own horse in the plaintiff's sulkey. The inquiry then arises, for whose use or benefit was he thus employed? And

the answer must be, that the case discloses no inducement or motive, on either side, beyond the mutual gratification and pleasure of the parties. Nor could the plaintiff's request, as detailed with the other circumstances, have the effect to control or vary the consequences resulting from this view of the subject. The act requested had no tendency to promote his interest, nor had it any connexion with his business; and, as a means of recreation and amusement, would seem to have been as fully and readily approved by one party as the other. Regarding the transaction in this light, we think the measure of care and prudence, required of the defendant, was correctly given in charge to the jury. If there was no just ground for holding him to a degree of circumspection above the common standard, none is discovered for fixing his responsibility at any point below it.

Judgment of county court affirmed.